# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK TADDEO, | Case No. 2:13-cv-00541-JAD-CWH |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

    This case involves judicial review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Frank Taddeo's application for a period of disability and disability insurance benefits pursuant to Title XVI of the Social Security Act.  42 U.S.C. Ch. 7.  Before the Court is Plaintiff's Motion for Reversal/Remand (#23)[1], filed on September 6, 2013, and the Commissioner's Cross Motion to Affirm (#28), filed on October 29, 2013.  This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4.

## BACKGROUND

### I. Procedural History

    On October 4, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits alleging he became disabled on September 23, 2010.  (A.R. 110-118).[2]  His claim was denied initially on March 18, 2011 and upon reconsideration on July 27, 2011.  (A.R. 51-55, 65-68).  On May 23, 2012, Plaintiff and his representative appeared for a hearing before Administrative Law Judge ("ALJ") David K. Gatto.  (A.R. 7-21, 24-40).  Plaintiff requested a closed period of

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter.  (Notice of Manual Filing #6).

disability from October 4, 2010 through March 19, 2012. (A.R. 10, 27-28). On June 11, 2012, the ALJ issued an unfavorable decision finding the Plaintiff had not been under a disability, as defined in the Social Security Act, since October 4, 2010, through the date of the decision. (A.R. 7-21). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 28, 2013. (A.R. 1-6). On March 29, 2013, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl. #1; A.R. 1-3).

**II.     The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 and issued an unfavorable decision on June 11, 2012. (A.R. 7-21). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") from October 4, 2010 through the application date. (A.R. 12, Finding 1). At step two, the ALJ found that Plaintiff had the following severe impairments: status post coronary artery disease with CABG(x5) and hisotry of myocardial infarction. (20 CFR 416.920(c)) (A.R. 12, Finding 2). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (20 CFR 416.920(d), 416.925 and 416.926) (A.R. 13, Finding 3).

The ALJ found Plaintiff capable of performing a residual functional capacity ("RFC") for the full range of sedentary work as defined in 20 CFR 416.967(a). (A.R. 13, Finding 4). The ALJ found that the medically determinable impairments could reasonably be expected to cause his alleged symptoms, however, the Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms of chest pain, lower leg pain and fatigue were not fully credible to the extent that they are inconsistent with the RFC. (A.R. 14). At step four, the ALJ found Plaintiff capable of performing his past relevant work ("PRW") as a director of media and sports announcer as they were actually performed and as they are generally performed in the national economy. (A.R. 17, Finding 5). The ALJ made no alternative step five finding. Based on all of these findings, the ALJ found Plaintiff not disabled and denied his application for a period of disability and disability insurance benefits. (A.R. 17, Finding 6).

# DISCUSSION

## I. Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of*

*Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**II.     Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in SGA. 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently

engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's RFC. 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence such as, all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20

---

[3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform his PRW. 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. § 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### III.     Analysis and Findings

Plaintiff seeks reversal of the ALJ's decision for two reasons: (1) the ALJ's improperly rejected medical evidence from the examining physician Dr. Plon by failing to articulate a legally sufficient rationale to reject the opinion, and (2) the ALJ failed to provide legally sufficient reasons to reject the medical evidence and testimony of Plaintiff.

#### A.     Opinion Evidence

Plaintiff argues that the ALJ's improperly rejected the medical evidence from the examining

physician Dr. Plon by failing to articulate a legally sufficient rationale to reject the opinion. Further, Plaintiff contends that Dr. Plon, a cardiologist, treated Plaintiff subsequent to his bypass surgery. (A.R. 273-290, 317-332, 333-334, and 336). Dr. Plon diagnosed Plaintiff as suffering from cardiac related impairments with fatigue, and had multiple pages of treatment notes which support her opinion. She further opined that from September 2010 through March 2012 Plaintiff did not have the functional capacity to perform work activity due to the effects from his bypass surgery.

The Commissioner contends that the ALJ's decision to afford little weight to Dr. Plon's opinion is supported by substantial evidence. According to the Commissioner, the opinion is inconsistent with Dr. Plon's own treatment notes and the record as a whole. The Commissioner argues that the treatment notes cited by Plaintiff show that he repeatedly and consistently denied any chest pain, which appears to be the primary reason for the restrictions Dr. Plon opined. (A.R. 16, 273-290, 317-334, 336).

Generally, a treating physician's opinion is entitled to more weight than a non-treating physician's opinion because a treating physician is "employed to cure and has a greater opportunity to know and observe the patient as an individual." *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir.1993); *see also* 20 C.F.R. §§ 404.1527 and 416.927. Accordingly, a treating physician's opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See* SSR 96-2p. If the ALJ declines to award a treating physician's opinion controlling weight and it is not contradicted by another physician, then the ALJ must give clear and convincing reasons for rejecting the uncontradicted opinion. *Thomas*, 278 F.3d at 957. If the ALJ declines to give controlling weight and the treating physician's opinion is contradicted, then the ALJ must provide "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (relying on *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.2007) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

However, a treating physician's opinion is not necessarily conclusive on an individual's physical condition or the ultimate issue of disability. *See Magallanes*, 881 F.2d at 751. Additionally, an ALJ is not required to accept a treating physician opinion that is brief, conclusory, and inadequately supported by clinical findings or the record as a whole. *See Batson v. Comm'r of SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004). Nevertheless, the ALJ must weigh a treating physician's opinion using the factors provided by 20 C.F.R. §§ 404.1527 and 416.927 and provide good reasons for the weight given. *See* SSR 96-2p.

The ALJ explained that he gave little weight to Dr. Plon's opinion, which stated that the claimant's pain interfered with his ability to sleep and his daily activities and that Plaintiff was unable to return to work because of his symptoms. (A.R. 16). He indicated that the findings were inconsistent with the objective medical evidence and the record as a whole. He reviewed in detail the various records submitted with Dr. Plon's medical source statement, documenting that Plaintiff denied chest pain, shortness of breath and dyspnea upon exertion. (A.R. 15-16.) It was also noted that he had no palpitations, presyncope, syncope, and no leg pain or swelling, and that in subsequent records, many of Plaintiff's workups since having the bypass have been "fine" and that Plaintiff was "doing well." *Id*.

Additionally, the ALJ gave great weight to the opinion of state agency physician William Dougan, M.D., who found Plaintiff capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently, and that in an 8 hour day, he was capable of sitting for 6 hours, and standing or walking for 4 hours, and was capable of all postural activities, except that he is to avoid climbing ladders, ropes and scaffolds. The ALJ found that the Dr. Dougan's opinion was consistent with the objective medical evidence and the record as a whole, which included relatively normal physical examinations findings, improvement of symptoms upon rehabilitation and follow up visits, as well as the claimants overall earnings records. The ALJ's assignment of little weight to Dr. Plon is supported by specific and legitimate reasons based on the conflict with other objective medical evidence and opinion evidence in the record. Accordingly, the opinion evidence assessment is not a defect that warrants remand.

### B. Credibility

Plaintiff also argues that the ALJ failed provide legally sufficient reasons to reject the medical evidence and testimony of Plaintiff. Specifically, Plaintiff argues that the descriptions of his limitations, as a result of his severe impairment, demonstrate that he is incapable of maintaining substantial gainful work activity as a result of his severe impairments. (A.R. 24-40, 159-168). The Commissioner argues that the credibility assessment is supported by substantial evidence with specific findings. The Commissioner highlights the ALJ's discussion of Plaintiff's objective medical evidence, activities of daily living, and also his inconsistent statements, his sporadic work history, and the fact that he left his last job not because of any impairment, but because the company went out of business.

The Court finds that the ALJ's finding that Plaintiff was not credible with respect to his subjective complaints of symptoms and functional limitations is supported by substantial evidence. The ALJ's assessment of credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d. 20, 22 (9th Cir. 1989). The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, and (2) reject the individual's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding of less than full credibility, the ALJ is required to point to specific facts in the record that demonstrate that an individual's symptoms are less severe than claimed. *Id.* at 592. "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and citations omitted).

Using the two step analysis, the ALJ found that the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. The ALJ found, however, that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms

were not credible to the extent they were inconsistent with the residual functional capacity assessment. Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons for finding him not credible. The ALJ noted that in terms of the Plaintiff's alleged chest pain, fatigue and leg pain, the medical evidence did not support his complaint of their persistence or the degree of their limiting effects for the time period alleged. In fact, he found that the greater weight of the evidence shows that his symptoms improved with his cardiac rehabilitation and that he was healing normally. (A.R 14). The ALJ reviewed the medical records in detail, and highlighted that during Plaintiff's recovery visits, his symptoms improved, and that from October 2010 through April 2011, the records showed that Plaintiff denied chest pain, leg pain, shortness of breath or dyspnea on exertion in each of this follow up visits. Moreover, the ALJ noted that the records indicated that physical examinations produced relatively normal results, as Plaintiff had unremarkable chest findings as well as unremarkable findings with his extremities. (A.R. 15).

Social Security regulations require that an ALJ evaluate the claimant's statements about the intensity, persistence, and limiting effects of his symptoms "in relation to the objective evidence and other evidence," in determining disability. 20 CFR 416.929(c)(4); SSR 96-7 (ALJ may consider medical signs and laboratory findings in assessing credibility of the claimant's statements). The ALJ noted that claimant's earnings records show that despite a post high school education, his overall work history appear marginal and sporadic, and that his last job ended because his company went out of business, which detracted from Plaintiff's credibility that, but for his alleged impairments, he would be working at a substantial and gainful activity level. (A.R. 15-16).[4] These were proper considerations by the ALJ. 20 CFR 416.929 (ALJ may consider a claimant's work history in assessing credibility); *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001)(ALJ properly considered that a claimant was out of work because he was laid off and not because of this allegedly disabling injuries). Therefore, the Court finds that the ALJ's credibility finding complies with the SSR 96-7p and is supported by substantial evidence.

---

[4] Plaintiff last worked in 2007 (A.R. 127). His heart attack was in 2010. (A.R. 14).

### IV. Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and does articulate sufficient rationale to satisfy the requisite legal standards.

Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal/Remand (#23) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#28) be **granted**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

Dated: September 15, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**